UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN L. FRONCEK,                          Case No. 10-14447

　　　　　Plaintiff,                          Sean F. Cox
vs.                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,             Michael Hluchaniuk
                                             United States Magistrate Judge

　　　　　Defendant.
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 13)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On November 8, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on plaintiff's motion to remand and defendant's motion for summary judgment. (Dkt. 10, 13).

B.     Administrative Proceedings

Plaintiff filed the instant claims on December 6, 2007, alleging that she became unable to work on October 11, 2001.  (Dkt. 8-5, Pg ID 169-181).  The claim was initially disapproved by the Commissioner on February 26, 2008.  (Dkt. 8-4, Pg ID 78-82).  Plaintiff requested a hearing and on April 7, 2010, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Curt Marceille, who considered the case *de novo*.  In a decision dated April 23, 2010, the ALJ found that plaintiff was not disabled.  (Dkt. 802, Pg ID 34-46).  Plaintiff requested a review of this decision on May 20, 2010.  (Dkt. 8-2, Pg ID 33).  The ALJ's decision became the final decision of the Commissioner when, on October 7, 2010, the Appeals Council denied plaintiff's request for review.  (Dkt. 8-2, Pg ID 30-32); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

A.     ALJ Findings

Plaintiff was 52 years of age at the time of the most recent administrative hearing.  (Dkt. 8-2, Pg ID 54).  Plaintiff's relevant work history included

approximately nine years as a nurse's aide.  (Dkt. 8-5, Pg ID 151-152).  In denying

plaintiff's claims, defendant Commissioner considered bipolar disorder as a

possible bases of disability.  (Dkt. 8-6, Pg ID 210).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

October 11, 2001.  (Dkt. 8-2, Pg ID 39).  At step two, the ALJ found that

plaintiff's bipolar disorder was "severe" within the meaning of the second

sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's

combination of impairments met or equaled one of the listings in the regulations.

(Dkt. 8-2, Pg ID 40).  At step four, the ALJ found that plaintiff could not perform

her previous work as a certified nurse's aide.  (Dkt. 8-2, Pg ID 44).  At step five,

the ALJ denied plaintiff benefits because plaintiff could perform a significant

number of jobs available in the national economy.  (Dkt. 8-2, Pg ID 45).

B.    Plaintiff's Claims of Error

Plaintiff first claims that the ALJ failed to properly account for her moderate

limitations in concentration, persistence, or pace in the hypothetical question to

the vocational expert.  The ALJ presented a hypothetical question to the VE,

reflected by the RFC, which limited plaintiff to work at all exertional levels but

with the following nonexertional restrictions: plaintiff can perform simple one to

two step tasks in a low stress environment with little or no decision-making

authority and only occasional changes in the work setting. And, plaintiff could have no interaction with the public and minimal interaction with coworkers and supervisors. (Tr. 13). According to plaintiff, the ALJ's stated limitations of a "low stress environment with little or no decision-making authority and only occasional changes in the work setting" do not accurately portray plaintiff's "moderate" limitations in concentration, persistence or pace. Plaintiff argues that, just as "low stress" does not remedy the RFC's failure to account for "moderate" difficulties in concentration, persistence or pace, the limitations of "little or no decision making authority" and "only occasional changes in the work setting" fail to account for the same as they do not account for the need to meet quotas, stay alert, or work at a consistent pace.

Plaintiff also argues that the ALJ improperly found that plaintiff's impairments of irritable bowel syndrome and migraines were "non-severe." According to plaintiff, the evidence reflects that these are "severe" impairments which cause additional work-related limitations that the ALJ did not include in the RFC. For a hypothetical to serve as substantial evidence, it must accurately portray the plaintiff's physical and mental impairments. The ALJ stated that plaintiff's migraines are prevented by medication. (Tr. 10). Although plaintiff acknowledges that she testified as such, she also stated that the medication she takes to relieve her migraines causes the side effects of nausea and dizziness. (Tr.

32).  The ALJ failed to take these side effects into account when determining her RFC.  According to plaintiff, symptoms of nausea and dizziness would limit an employee's ability to balance, climb, work around heights, work around moving mechanical  hazards, or work around atmospheric conditions such as fumes and odors, etc.  According to plaintiff, the ALJ failed to account for any physical or environmental limitations in the RFC and therefore did not account for plaintiff's side effects to her migraine medication.

Additionally, plaintiff testified that she experiences symptoms of irritable bowl syndrome on a daily basis.  These symptoms include intense pain in her abdomen.  (Tr. 31).  According to plaintiff, abdominal pain would limit an employee's ability to lift, climb, stoop, kneel, crouch, and crawl to name a few.  However, the ALJ did not provide for physical limitations in reaching the RFC or posing the hypothetical question to the vocational expert.  As the ALJ's hypothetical question failed to accurately portray all of plaintiff's limitations, plaintiff asserts that the vocational expert's testimony cannot serve as substantial evidence and this case must be remanded pursuant to sentence four for further proceedings.

## C.    Commissioner's Motion for Summary Judgment

Contrary to plaintiff's argument, the Commissioner contends that substantial evidence supports the ALJ's finding that her IBS was not a severe

impairment and, therefore, limitations due to that condition were therefore not warranted in the ALJ's RFC finding.  Substantial evidence also supports the ALJ's RFC finding with respect to plaintiff's alleged side effects from her migraine medication because as he stated, there was no evidence in the record to support plaintiff's claim that her medication caused dizziness and nausea.  (Tr. 14).  Further, according to the Commissioner, in concluding that plaintiff's digestive condition was not a severe impairment, the ALJ accurately stated that her complaints of gas pain were sporadic, especially prior to her date last insured, December 31, 2007.  (Tr. 10). The Commissioner points out that during the six-year period at issue, plaintiff very rarely received treatment for IBS, despite her claims of severe limitations due to that condition.  (Tr. 227-28, 252).  Specifically, in July 2006, plaintiff presented to a family practitioner with a variety of complaints including irritable bowel syndrome (IBS), worsened with Bactrim (an antibiotic).  (Tr. 228).  In February 2007, plaintiff presented to Dr. Sawache with complaints of increased diarrhea and gas and Dr. Sawache diagnosed IBS and prescribed medication.  (Tr. 227).  In November 2007, plaintiff reported to Dr. Ingram that she had decreased IBS with medication prescribed by her family doctor.  (Tr. 252).  Thus, substantial evidence supports the ALJ's finding that there was very limited support in the record for plaintiff's claims of severe symptoms due to IBS.  (Tr. 10).  Therefore, the Commissioner maintains, plaintiff's argument

Report and Recommendation
Cross-Motions for Summary Judgment
*Froncek v. Comm'r*; Case No. 10-14447

that limitations due to that condition should have been included in the RFC
assessment should be rejected.

Plaintiff testified that her migraines were prevented by medication, but that
the medication caused dizziness and nausea. (Tr. 31-32). While plaintiff argues
that the ALJ erred in not including a limitation in his RFC finding to account for
those alleged side effects, the Commissioner asserts that, as stated by the ALJ,
there is no evidence in the record that plaintiff reported these alleged side effects
to a medical source, which would be expected if she was experiencing such
serious symptoms. (Tr. 14). Prior to the date last insured, plaintiff complained of
nausea in January 2002, but this was in connection with withdrawal from a
medication prescribed for bipolar disorder, and not migraines. (Tr. 287). The
Commissioner points out that plaintiff cites to no treatment records to support her
claim that she took migraine medication which caused dizziness and nausea.
Plaintiff's argument should therefore be rejected.

Finally, the Commissioner argues that the hypothetical question in this case
also accounts for any lapses in concentration by reducing work distractions
because it contained limitations such as: only work in a low-stress environment,
meaning only occasional changes in the work setting; no interaction with the
public; and only incidental interaction with coworkers and supervisors. (Tr. 40).
Although plaintiff often reported sedation as well as fatigue and loss of energy,

she frequently denied psychomotor retardation or changes, and it was apparently never observed by medical sources. During the relevant time period, plaintiff denied psychomotor changes on at least twelve occasions (Tr. 253, 257, 259, 261, 269, 271, 273, 283, 293-94, 296, 299), and Dr. Ingram noted no motor retardation five times (Tr. 253, 257, 259, 261, 263). The ALJ's hypothetical question was supported by the opinion evidence, because the limitations included by the ALJ were consistent with the opinion of Dr. Hill. (Tr. 324). Dr. Hill stated that plaintiff was moderately limited in her ability to maintain concentration, persistence, or pace. (Tr. 318). In addition to other areas, Dr. Hill opined that plaintiff had moderate limitations in areas including: understanding and memory; sustained concentration and persistence; and the ability to adapt. (Tr. 324). He stated that plaintiff "retain[ed] the mental residual capacity to perform step one and step two tasks on a sustained basis." (Tr. 324). The ALJ found that Dr. Hill's opinion was entitled to great weight and noted that there were no contrary opinions in the record. (Tr. 15). The Commissioner points out that, significantly, plaintiff makes no attempt to explain specifically why the above limitations did not fully account for her impairments or how she was more limited than was described in the hypothetical question. *See Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, *3 (E.D. Mich. 2010) (explaining that although Lewicki emphasized that other courts in the Eastern District of Michigan had concluded that moderate

limitations in concentration, persistence, or pace may not be adequately accounted for by a hypothetical question limiting the plaintiff to simple unskilled work, Lewicki did not explain why the facts of his case required a more detailed hypothetical question.).  Thus, the Commissioner contends that substantial evidence supports the ALJ's step five finding, and plaintiff has failed to demonstrate that the ALJ did not adequately account for her mental limitations in the hypothetical question posed to the VE.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

Report and Recommendation
Cross-Motions for Summary Judgment
*Froncek v. Comm'r*; Case No. 10-14447

statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

 B. <u>Governing Law</u>

 The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis</u>

    The undersigned agrees with the Commissioner that substantial evidence supports the ALJ's decision that plaintiff's claimed impairments of IBS and migraine headaches were not severe.  While there is some evidence of treatment for these conditions in the record, the treatment is not terribly significant.  Simply because plaintiff suffers from a certain condition or carries a certain diagnoses does not equate to disability or a particular RFC.  Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).  Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily mean that condition is "severe" under the Act.  It was entirely appropriate for the ALJ to rely on the conservative nature of treatment in assessing the extent of impairment and credibility of the claimant.  *See e.g.*, *Struchen v. Astrue*, 2010 WL 3259895, *4 (N.D. Ohio 2010); *Patrick v. Astrue*, 2010 WL 235032, *6 (E.D. Ky. 2010); *Ealy*

*v. SSA*, 172 Fed.Appx. 88 (6th Cir. 2006) (per curiam) (upholding ALJ's

determination that claimant's "claimed limitations 'were not fully credible'

because they were 'inconsistent with ... the lack of more aggressive treatment ...

and the claimant's ordinary activities.'").  While plaintiff says that she suffered

from severe dizziness and nausea as a result of her migraine medication, there is

no evidence in the record to support this claim.  There is a single report of

dizziness to her physician in 2002.  The undersigned concludes that it was entirely

appropriate for the ALJ to conclude that plaintiff's claim of medication side

effects was not entirely credible, given the lack of supporting evidence in the

record.  "Allegations of a medication's side effects must be supported by objective

medical evidence."  *Daniels v. Comm'r of Soc. Sec.*, 2008 WL 4394356 (W.D.

Mich. 2008), citing *Farhat v. Sec'y of Health and Hum. Servs.*, 1992 WL 174540,

*3 (6th Cir. 1992); *Bentley v. Comm'r of Soc. Sec.*, 23 Fed.Appx. 434, 435 (6th

Cir. 2001) (noting absence of reports by treating physicians that claimant's

"medication caused drowsiness as a side effect"); *Cross v. Comm'r of Soc. Sec.*,

2008 WL 5071714, *6 (W.D. Mich. 2008).  Moreover, none of plaintiff's treating

physicians imposed any limitations on her as a result of her IBS symptoms.  *See*

*Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir. 1987),

citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical

restrictions constitutes substantial evidence for a finding of non-disability.").

Bases on the foregoing, the undersigned concludes that plaintiff offers no basis to overturn the ALJ's determination that her claimed impairments of IBS and migraine medication side effects were not severe.

As to plaintiff's mental impairments, Wayne Hill, Ph.D. completed a Psychiatric Review Technique Form (PRTF) and Mental Residual Functional Capacity Assessment (MRFCA). Dr. Hill concluded that plaintiff had moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace. (Dkt. 8-7, Pg ID 352). On the MRFCA, Dr. Hill found moderate limitations in the following functional areas: (1) the ability to understand and remember detailed instructions; (2) the ability to carry out detailed instructions; (3) the ability to maintain attention and concentration for extended periods; (4) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (5) the ability to work in coordination with or proximity to others without being distracted by them; (6) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (7) the ability to interact appropriately with the general public; (8) the ability to respond appropriately to changes in the work setting; (9) the ability to be aware of normal hazards and take appropriate precautions; (10) the ability to travel

in unfamiliar places or use public transportation; (11) the ability to set realistic

goals or make plans independently of others.  (Dkt. 8-7, Pg ID 356-357).  In the

functional capacity assessment portion of the MRFCA, Dr. Hill wrote:

> Most recent notes from Michigan Psychiatrist and
> behavioral association finds the claimant stabilized and
> doing much better.  Dr. states that he observes
> improvement and no psychotic symptoms.  Claimant's
> understanding and memory are moderately limited.
> Claimant's capacity for sustained concentration and
> persistence is moderately limited.  Social interactions are
> moderately limited.  Claimant's ability to adapt is
> moderately limited. Claimant retains the mental residual
> capacity to perform step one and step two tasks on a
> sustained basis.

(Dkt. 8-7, Pg ID 358).  In formulating his RFC, the ALJ concluded that claimant

had the residual functional capacity to perform a full range of work at all

exertional levels but with the following nonexertional limitations: "the claimant

can perform simple one to two step tasks in a low stress environment with little or

no decision-making authority and only occasional changes in the work setting.

The claimant can have no interaction with the public and minimal interaction with

co-workers and supervisors."  (Dkt. 8-2, Pg ID 42).

   Plaintiff claims that the ALJ's RFC failed to account for the finding that she

suffered from a "moderate" limitation in concentration, persistence, or pace.  The

ALJ relied on Dr. Hill's PRTF and MRFCA extensively in his decision and in

formulating his RFC.  Plaintiff has pointed to no evidence in the record that is

inconsistent with Dr. Hill's conclusions or any reason the ALJ should have adopted some parts of Dr. Hill's conclusions, but not others.  As has been explained previously, absent some evidence to support doing so, a "selective" adoption of the PRTF is not generally appropriate.  *Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D. Mich. 2008) ("Plaintiff's argument for the selective adoption of Dr. Marshall's 'moderate' limitations without considering his ultimate conclusion would amount to a distortion of the record."); *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, at *3 (E.D. Mich. 2010) ("Plaintiff's objection ignores a particularly compelling piece of evidence provided by the same state psychologist who diagnosed Plaintiff's mental limitations in the first place. The psychologist diagnosed moderate mental impairments, but also concluded that Plaintiff's mental limitations would not prohibit him from performing simple, unskilled work."); *see also Taylor v. Comm'r*, 2011 WL 2682682 (E.D. Mich. 2011).  Thus, it was entirely reasonable for the ALJ to incorporate the specific limitations found by Dr. Hill, along with his conclusion that plaintiff still retained the functional capacity to perform work on a sustained basis.  Again, plaintiff has pointed to no record evidence to the contrary.  The undersigned finds no basis to overturn the ALJ's decision regarding plaintiff's mental impairments and her functional capacity.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

                                        s/Michael Hluchaniuk
Date:  February 27, 2012                Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on February 27, 2012, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: John M. Morosi, Lynn M. Dodge, AUSA, and the
Commissioner of Social Security.

                                        s/Darlene Chubb
                                        Judicial Assistant
                                        (810) 341-7850
                                        darlene_chubb@mied.uscourts.gov